IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
File No.: 4:21-cv-62-D

| | |
|---|---|
| RANDY WAYNE WALKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL TROY CARTER and ATS, ) <br> INC.; ) <br> Defendants. ) <br> ) | **CONSENT PROTECTIVE ORDER** |

THIS MATTER comes before the Court upon the application of the parties for entry of a Consent Protective Order, and it appearing to the Court for good cause shown that discovery and the trial of this action may involve the production and disclosure of proprietary information such that the entry of this Consent Protective Order providing protection against unrestricted disclosure or use is appropriate.

WHEREAS, Defendants contend that certain information requested by Plaintiff contains proprietary information that would cause harm if disclosed and should be considered protected from unreasonable disclosure pursuant to Rule 26(c) of the North Carolina Rules of Civil Procedure.

WHEREAS, the parties agree, and the Court orders, that the parties treat these categories of documents as protected, subject to the terms of this Order. Defendants shall designate information produced pursuant to this agreement as protected by marking documents with the legend "PROTECTED INFORMATION". The categories of protected documents include:

- Excess insurance policy documents
- Handbooks and manuals
- Contracts and agreements with vendors and related documents
- Operational information/materials (including, but not limited to, policies, procedures, training manuals)

The "PROTECTED INFORMATION" produced in accordance with this Order shall be used solely for purposes of prosecuting or defending this litigation and shall not be used or disclosed for any other purpose. Documents or information, however, which are in or can be obtained from the public domain, even if they are the same as or similar to documents or information designated under this Order as "PROTECTED INFORMATION" shall not be subject to the terms of this Order.

The afore-reference PROTECTED INFORMATION may be disclosed only to:

(1) Counsel for each of the parties, including any necessary paralegal, secretarial, clerical, or office personnel or such counsel;

(2) The named parties and any necessary employees or former employees thereof, all of whom shall review a copy of this order and then agree to fully comply with the terms of this Protective Order prior to disclosure;

(3) All experts, consultants, and their respective staff and/or agents, retained by any of the parties for purposes of this litigation, provided that the experts, consultants, staff and/or agents have agreed to comply fully with this Protective Order;

(4) Deposition witnesses – Any PROTECTED INFORMATION marked as exhibits will be designated as "protected." Those exhibits will not be disseminated beyond the terms of this Order;

(5) Court reporters retained to transcribe testimony;

(6) Any mediator(s) agreed to by both sides or selected by the Court;

(7) The Court and court personnel including stenographic reporters.

It is understood that none of the parties, their attorneys, nor any person employed by them obtains any right to license, disclose or use PROTECTED INFORMATION received in this litigation other than for purposes of this litigation.

The Parties certify that few, if any, documents will be filed under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall

2

accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court

The parties agree to comply with LR 79.2 and use the default procedures of Section V.G. of the court's Electronic Case Filing Administrative Policies and Procedures Manual for any motions seeking leave to file documents under seal.

Before any part of the PROTECTED INFORMATION is offered in evidence at the trial or any hearing in this action, the offering party or his attorney shall give counsel for Defendants reasonable notice of the offer and an opportunity to object or otherwise plead for relief consistent with the objectives of this Order.

With respect to any depositions that involve disclosure of material designated as PROTECTED INFORMATION, Defendants shall have until 14 days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated PROTECTED INFORMATION, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described herein during these 14 days. Upon being informed that certain portions of a deposition are to be designated as confidential, all parties shall immediately cause each copy of

3

the transcript in its custody or control to be appropriately marked and make reasonable efforts to limit disclosure of that transcript in accordance with this Order.

Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not confidential or proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including the opportunity for hearing and presentation of evidence, should the Court so decide.

The parties and their attorneys shall advise any representative or consultant having access to PROTECTED INFORMATION provided pursuant to this Order that said representatives or consultants shall be bound by this Order. All such consultants shall, upon conclusion of this litigation, destroy all documents designated as PROTECTED INFORMATION.

If a party wishes to file any PROTECTED INFORMATION with the Court the filing part must set forth in the pleading caption a notation that the document is being "filed under seal" and include the Court order's entry date of this Protective Order.

Unless otherwise ordered by the Court, any original materials or duplicates, including tapes, discs, and photographs, identified by any party as "PROTECTED INFORMATION," shall within 60 days after the conclusion of this action by settlement or final judgment, be returned to

the party producing such documents or information. If Plaintiffs' counsel chooses to destroy the records instead of returning the records, he or she much send written confirmation to Defendants' counsel that the records have been destroyed within 60 days.

At the conclusion of this lawsuit, the parties agree to return all documents marked "Subject to Protective Order" to the producing party or destroy said documents. All persons who receive a copy of documents Subject to this Protective Order shall be advised of this Stipulation and bound thereby. Any party may seek written permission of the producing party to dissolve or modify this stipulation. All parties and persons subject to the terms of this stipulation agree that a court of competent jurisdiction shall have a retain jurisdiction over this Stipulation to enforce the terms hereof.

SO ORDERED. This **13** day of March, 2022.

                                          JAMES C. DEVER III
                                          United States District Judge

**WE CONSENT:**

| HENSON FUERST, P.A. | YOUNG MOORE AND HENDERSON, P.A. |
|---|---|
| BY: /s/ Thomas W. Henson, Jr.<br>    Thomas W. Henson, Jr.<br>    State Bar No: 16669<br>    3110 Edwards Mill Rd, Ste 210<br>    Raleigh, NC 27612<br>    Phone: 919-781-1107<br>    ThomasHenson@lawmed.com<br>    *Attorneys for Plaintiff* | BY:  /s/ Shannon S. Frankel<br>    Shannon S. Frankel<br>    State Bar No: 33926<br>    3101 Glenwood Avenue, Suite 200<br>    Raleigh, NC 27612<br>    Phone: 919-782-6860<br>    Facsimile: 919-782-6753<br>    shannon.frankel@youngmoorelaw.com<br>    *Attorneys for Defendants* |